Following a jury trial in the District Court, the defendant, Erich G. Sorenson, was convicted of one count of assault and battery. On appeal, he contends for the first time that the judge's failure to adopt the "true threat" doctrine, sua sponte, created a substantial risk of a miscarriage of justice. We affirm.
Background. The critical facts are not in dispute. The defendant and other prisoners were transported to the Billerica house of correction and temporarily detained in a "holding cell" in the intake area prior to being "booked in" to the facility. At some point, the defendant approached the victim and punched him in the face multiple times. The punches resulted in a two-to-three inch laceration under the victim's eye, several small lacerations to the side of his face, and profuse bleeding. The victim received medical attention, including stitches under his eye. Video of the attack was played for the jury.
The defendant claimed that he acted in self-defense. He testified that he knew the victim prior to the assault, had rented a room from the victim, and had failed to pay the victim $400 that he owed to him. While they waited in the holding cell, the victim asked the defendant if he "had the money." After the defendant replied that he did not, the victim purportedly stated, "I'm going to fucking kill you." The defendant testified that he attacked the victim because he feared for his safety, was "caged in with [the victim]," and believed that he was "going to be imminently attacked." The defendant confirmed that the victim did not hit him and did not fight back.
Discussion. The defendant claims error in the judge's failure to adopt the "true threat" doctrine, and failure to provide a new self-defense instruction that was not requested at trial. As the defendant did not object to the instruction, our review is limited to whether the error created a substantial risk of a miscarriage of justice. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999). This standard requires us to "review the evidence and the case as a whole, considering the strength of the Commonwealth's case, as well as the nature and significance of the alleged errors." Commonwealth v. Chase, 433 Mass. 293, 299 (2001). We will reverse "only in the extraordinary situation where, after such a review, we are left with uncertainty that the defendant's guilt has been fairly adjudicated." Id. No such extraordinary circumstances are present here.
It is black letter law that "[s]pecific requests for jury instructions must be brought clearly to the judge's attention ... so that the judge has an opportunity to correct any error before the jury retire to deliberate." Commonwealth v. White, 452 Mass. 133, 137 (2008). No such request was made here.[2] Moreover, we are unaware of any authority requiring the application of the so-called "true threat" doctrine to circumstances akin to the present case.[3] In addition, the defense contended, consistent with the self-defense instructions provided by the judge, that the defendant had no alternative and acted out of fear of imminent attack.[4] The instructions were clear, and we presume the jury followed them. See Commonwealth v. King, 460 Mass. 80, 83, 88 n.5 (2011).
Further, the defendant argued that viewed in context -- i.e., in a holding cell, in the face of a threat, with no place to go -- his actions were justified and reasonable. Consistent with this argument, the judge instructed the jury, in relevant part, that the Commonwealth had the burden to prove that the defendant did not act in self-defense; that the Commonwealth had to prove "beyond a reasonable doubt that there was no overt act, either words or gesture or some other action, that gave rise to a reasonable belief of attack or immediate danger"; and that in considering self-defense, the jurors could consider evidence about the "relative size or strength of the persons involved, [and] where the incident took place ... among other things." Far from the defendant's claim, the instructions did not deprive the defendant of his sole theory of defense. To the contrary, the instructions required the jury to consider the very defense pursued at trial.
Finally, the evidence against the defendant was overwhelming. The attack, captured on video that was played for the jury, was excessive. See King, 460 Mass. at 89 (no substantial risk of miscarriage of justice where "sufficient evidence for the jury to conclude that the defendant used unreasonable force in the circumstances"). See also Commonwealth v. Proulx, 61 Mass. App. Ct. 454, 466 (2004) (no substantial risk of miscarriage of justice where overwhelming evidence that injuries could only have been caused by act creating plain and strong likelihood of death). Even by the defendant's own account, the victim did not strike him, attempt to strike him, or fight back.[5]
Judgment affirmed.

We further note that although defense counsel referenced "context" in his closing argument, he did not reference or explain any "true-threat" doctrine to the jury, and did not advise the judge that he was proceeding under the admittedly "novel" theory that he now describes on appeal.

In the context of the First Amendment to the United States Constitution, "true threats" do not receive constitutional protection. See Virginia v. Black, 538 U.S. 343, 358-359 (2003) ; Commonwealth v. Walters, 472 Mass. 680, 690-691 (2015) (discussing "true threat" exception to First Amendment protection). " 'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Black, supra at 359. The Supreme Judicial Court has described "true threats" as "direct threats of imminent physical harm" and "words or actions that -- taking into account the context in which they arise -- cause the victim to fear such harm now or in the future and evince intent on the part of the speaker or actor to cause such fear." O'Brien v. Borowski, 461 Mass. 415, 425 (2012).

The defendant contends that the judge erred in instructing the jury that "[a]ny speculation about any events that might occur in the future, during any time that anybody might be incarcerated that you heard no evidence about, are not to be speculated about and are not evidence." We disagree. The prosecutor objected to the portion of defense counsel's closing argument that referenced certain facts not in evidence. The judge provided the above-quoted instruction without objection. Viewed in context, we discern no error in the instruction, which reminded the jurors to focus on the evidence and not to speculate. Even assuming, arguendo, some form of error, the instruction did not create a substantial risk of a miscarriage of justice, particularly in view of the strength of the Commonwealth's case.

Where we discern no substantial risk of a miscarriage of justice, we likewise discern, on the record before us, no ineffective assistance of counsel. See Commonwealth v. Millien, 474 Mass. 417, 432 (2016) (second prong of ineffective assistance test met if there is substantial risk of miscarriage of justice arising from counsel's failure).